**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROSA SERRANO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-453-FM** |
| | § | |
| **HONORABLE VIRGIL MULANAX,** | § | |
| **HONORABLE YVONNE RODRIGUEZ,** | § | |
| **HONORABLE GINA PALAFOX, and** | § | |
| **HONORABLE ANN CRAWFORD** | § | |
| **MCCLURE,** | § | |
| **Defendants.** | § | |

**ORDER DENYING LEAVE TO PROCEED**
***IN FORMA PAUPERIS* ON APPEAL**

Rosa Serrano, Texas prisoner number 02151723, moves to proceed *in forma pauperis* with an appeal of the Court's order dismissing her complaint for declaratory judgment entered on May 3, 2023, and the Court's order denying her motion to alter or amend the order entered on August 23, 2023. Pl.'s Appl., ECF No. 39; Pl.'s Notice of Appeal, ECF No. 30. Her motion is denied for the following reasons.

**BACKGROUND**

From October 1993 through May 19, 2005, Serrano participated in four failed Chapter 13 bankruptcy actions, two failed state court lawsuits, and five appeals before both the Court of Appeals for the Eighth District of Texas and the Supreme Court of Texas. *See Serrano v. Union Planters Bank, N.A.*, No. EP-06-CV-429-FM, 2007 WL 951612, at *1 (W.D. Tex. Mar. 19, 2007), *aff'd sub nom. Serrano v. Hous. Urb. & Dev.*, 286 F. App'x 153 (5th Cir. 2008). Serrano's actions were motivated by her desire to prevent the foreclosure of a mortgage in financial default due to her failure to pay a legal obligation in accordance with the terms and conditions a mortgage instrument and deed of trust for property described as Lot 14, Block 456, Vista Del Sol, Unit 96,

in El Paso, Texas. *Id.* Undeterred, Serrano filed an "Original Petition for Intentional Infliction of Emotional Distress" in the Western District of Texas, El Paso Division. *Id.* (citing *Rose Serrano and Julian Serrano v. Union Planters Bank, et al.*, EP-06-CV-052-FM). Serrano alleged various causes of actions including wrongful foreclosure, slander of title, violation of the Texas Property Code, violation of the Texas Deceptive Trade Practices Act, and the Texas Debt Collections Act. *Id.* Serrano's complaint was dismissed on April 26, 2006, after the Court found that she failed to establish federal jurisdiction and that her factual allegations were so vague and ambiguous that the court could not make out a cognizable cause of action. *Id.* Then, after being rebuffed by no less than twelve trial and appellate state and federal courts, Serrano filed a fourth amended complaint in this Court—arising again from her real property transactions—for wrongful disclosure, intentional infliction of emotional distress, and violations of the False Claims Act in cause number EP-06-CV-429-FM. *Id.* Serrano's claims were almost identical to those she brought in the prior action which the Court dismissed on April 26, 2006. *Id.* As a result, Serrano's complaint was dismissed with prejudice. *Id.* at *4.

When the Court dismissed Serrano's complaint in cause number EP-06-CV-429-FM, it entered the following order prohibiting her from filing additional claims arising from her real property transactions:

> Rosa Serrano is prohibited from filing any more papers arising from the fact situation in this case in the Western District of Texas, El Paso Division. The Clerk of this Court is instructed not to accept for filing any papers or pleadings showing Rosa Serrano as a plaintiff. Should any such paper or pleading be presented for filing, the Clerk of this Court shall present the document to the undersigned for a determination whether or not it will be accepted for filing. Such a determination will be communicated to the individual presenting the papers or pleadings to be filed by the end of the fifth business day following the presentation of said document.

*Id.*

The Court observes Serrano has also accumulated two strikes, pursuant to 28 U.S.C. § 1915(g), because she filed frivolous complaints in *Serrano v. Crawford-McClure*, 839 F. App'x 931, 932 (5th Cir. 2021), and *Serrano v. Comstok-King*, 839 F. App'x 894, 895 (5th Cir. 2021).[1]

In her complaint, Serrano asked the Court to intervene on her behalf and restore her ownership interest in 15 acres of land she identified as "Block 334, Vista del Sol, Unit 68," in El Paso, Texas (15 acres). Pl.'s Compl., ECF No. 1 at 21–22. She also asked the Court to order the Lone Star Title Company to pay all claims by lienholders and enjoin any prosecution of her for theft. *Id.* So, she was once again asserting claims arising from her real property transactions in the Vista del Sol area of El Paso.

To prevent abusive litigation, 28 U.S.C. § 1915(e) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another . . . federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted).

The Court considered Serrano's complaint in light of its order in cause number EP-06-CV-429-FM. It found Serrano's action dealt with facts similar to those addressed in the prior case—which it had dismissed with prejudice. It also noted Serrano did not request permission from the Court to proceed on this matter. Accordingly, the Court *sua sponte* dismissed Serrano's complaint as malicious. *See* 28 U.S.C. § 1915(e)(2)(B); *Wilson v. Barriento*, 926 F. 2d 480, 482 (5th Cir.

---

[1] *See also Serrano v. Crawford-McClure*, W-19-CA-336-ADA, 2019 WL 13276562, at *2 (W.D. Tex. July 12, 2019) ("Judges Ann Crawford-McClure, . . . , Virgil Mulanax, Gina Palafox, [and] Yvonne Rodriguez . . . are entitled to absolute immunity for any acts performed as a judge. . . . The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991).").

1991) ("dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.' ") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *see also* Fed. R. Civ. P. 41(b) (stating that if "the plaintiff fails to prosecute or comply with . . . a court order, [the court] may . . . dismiss the action").

Serrano now moves to proceed *in forma pauperis* with an appeal of the Court's order dismissing her complaint for declaratory judgment entered on May 3, 2023, and the Court's order denying her motion to alter or amend the judgment entered on August 23, 2023. Pl.'s Appl., ECF No. 39; Pl.'s Notice of Appeal, ECF No. 30. Notably, she failed to submit an affidavit which listed all her assets.

## APPLICABLE LAW

A party must be economically eligible and take her appeal in good faith to proceed without prepaying fees and costs on appeal pursuant to Federal Rule of Appellate Procedure 24.  Fed. R. App. P. 24(a); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). She establishes her economic eligibility by submitting an affidavit which includes a list of all assets and a statement that she is unable to pay the fees and costs. 28 U.S.C. § 1915(a)(1). She demonstrates her good faith when she seeks appellate review of any non-frivolous issue, but she need not show probable success on the merits.  *Howard,* 707 F. 2d at 220.

The reviewing court may only examine whether (1) the applicant is economically eligible and (2) her appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

## ANALYSIS

The Court finds that Serrano provides no financial information which supports the

conclusion that she is economically eligible to proceed *in forma pauperis* on appeal. Furthermore, given the basis for the Court's dismissal of her complaint, which the Court incorporates by reference, the Court finds it logically follows that her claims on appeal cannot involve legal points arguable on their merits. *See Baugh v. Taylor*, 117 F. 3d 197, 202 n.21 (5th Cir. 1997) (explaining a district court may incorporate by reference its prior decision when explaining its reasons for certifying an appeal is not taken in good faith).

### ORDERS

Therefore, for the reasons discussed above, the Court enters the following orders:

**IT IS CERTIFIED** that Serrano does not take her appeal in good faith.

**IT IS ORDERED** that Serrano's application for leave to proceed in forma pauperis on appeal (ECF No. 39) is **DENIED**.[2]

**IT IS FURTHER ORDERED** that all pending motions—including but not limited to her motion to recuse (ECF No. 37) and motion for a hearing (ECF No. 38)—are **DENIED**.

**IT IS FURTHER ORDERED** that—should the Fifth Circuit Court of Appeals later permit Serrano to proceed *in forma pauperis*—Serrano should be **ASSESSED** and **DIRECTED** to pay an initial partial filing fee of $ 10.00. Serrano's custodial agency—identified as the Texas Department of Criminal Justice in her civil cover sheet (ECF No. 1-2)[3]—should collect this amount from Serrano's trust fund or institutional equivalent account when funds are available, and forward it to the Clerk of the District Court. Serrano should then make payments of twenty percent (20%) of the preceding month's income credited to her account, provided the account exceeds $10.00,

---

[2] *But see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("[T]he defendant may seek identical relief from the Court of Appeals.").

[3] *See* Texas Department of Criminal Justice, https://inmate.tdcj.texas.gov/InmateSearch/search.action (search for Rosa Serrano, last visited Mar. 14, 2024) (suggesting Serrano has been released from custody).

until she has paid the total fees of $505.00. Serrano's custodial agency should collect this amount

from her account—when funds are available and when permitted by 28 U.S.C. § 1915(b)(2)—and

forward it to the Clerk of the District Court, until the fees are paid.

**IT IS FINALLY ORDERED** that the Clerk of the District Court shall immediately

**NOTIFY** the parties and the Fifth Circuit Court of Appeals of this order.

**SIGNED** this **14th** day of March 2024.

 

_____

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**